346 So.2d 1274 (1977)
ORKIN EXTERMINATING COMPANY, INC., Plaintiff-Appellant,
v.
Hodges J. BROUSSARD, d/b/a Broussard's Pest Control, Defendant-Appellee.
No. 5974.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell by James R. Lewis, Lafayette, for plaintiff-appellant.
Louis G. Garrot, III, Abbeville, for defendant-appellee.
Before WATSON, FORET and HEARD, JJ.
FORET, Judge.
Plaintiff, Orkin Exterminating Company, Inc. (hereinafter referred to as "Orkin") brought this action against defendant, Hodges J. Broussard d/b/a Broussard's Pest Control (hereinafter referred to as "Broussard") to enjoin the defendant from soliciting or selling any pest control, exterminating, fumigating or termite control services *1275 to customers of Orkin who were serviced by defendant while working as an employee for Orkin, and to cease servicing those customers he has allegedly already diverted from Orkin to his account. Basically, it is plaintiff-appellant's position that Broussard, defendant-appellee, entered into an agreement with Orkin whereby he agreed that if he left Orkin's employ, he would not contact or call upon the customers he serviced while employed by Orkin for a period of two (2) years in the area defined in the agreement between the parties. Appellant alleges that appellee has breached the said agreement by contacting and calling upon persons who were his customers while employed by Orkin, for the purpose of soliciting their accounts for his own pest control business. Accordingly Orkin has prayed, for an injunction to enjoin appellee from soliciting or selling any pest control, etc. to customers of Orkin who were serviced by the appellee while working as an employee for Orkin, and to cease servicing those customers he has already allegedly diverted from Orkin to his own account.
Defendant-appellee admits that he is presently in the pest control business, but denied that the agreement which he executed is a valid and binding agreement upon him, and in the alternative, if said agreement is binding and valid, that he did not breach the terms thereof by contacting or calling upon customers whose accounts were serviced by him pursuant to his employment with Orkin for the purpose of soliciting or selling pest control service, and nor did he divert or take away from plaintiff any customers by soliciting their accounts.
The trial court rendered its original reasons for judgment on July 29, 1976, finding that the defendant had been employed as a serviceman by Orkin from October, 1961, to December, 1974, and that he started servicing his own customers as Broussard's Pest Control on January 5, 1975. The trial court concluded that the agreement signed between Broussard and Orkin provided that he would not solicit customers whom he serviced while employed at Orkin if he terminated his employment, but the trial court apparently concluded that Broussard had not solicited his prior customers, and therefore did not grant the injunctive relief sought by plaintiff.
At the hearing of the petition for writ of preliminary injunction the trial court awarded judgment in the amount of $200 to Broussard for expenses and attorney's fees against Orkin Exterminating Company, Inc. for its denial of requests for admissions of fact which facts Broussard allegedly proved at the hearing.
Upon rendition of the judgment of denial of the petition for a writ of preliminary injunction, appellant and appellee, through counsel, entered into a stipulation by which the parties agreed that the evidence presented on the trial of plaintiff's application for preliminary injunction would be the same evidence presented at a hearing for a permanent injunction and that there was no necessity to file an application for a permanent injunction or to have a hearing therefor; and said stipulation further provided that the application for the preliminary injunction and hearing thereon be considered the application and the hearing for permanent injunction, and that the judgment rendered thereon be considered a final judgment on an application for permanent injunction.
The three issues to be decided herein are: (1) the enforceability of the non-competition restrictions contained therein, (2) whether Broussard has violated the restrictive covenant such as would warrant the issuance of an injunction, and (3) the award of attorney fees by the trial court.

ENFORCEABILITY OF THE RESTRICTIVE COVENANT
Although defendant had been employed by Orkin since October 9, 1961, the contract sued upon was entered into between Orkin and defendant on May 28, 1971, which provided in pertinent part as follows:
"The employee hereby expressly covenants and agrees, which covenant and agreements are of the essence of this contract, that he will not, during the *1276 term of this agreement, and for a period of two years immediately following the termination of this agreement, for any reason whatsoever, directly or indirectly, for himself or on behalf of, or in conjunction with any other person, persons, company, partnership or corporation:
(a) Call upon any customer or customers of the company solicited or contacted by the employee or whose account was serviced by the employee, pursuant to his employment hereunder, for the purposes of soliciting or selling any pest control, [etc.] . . . ."
La.R.S. 23:921 provides that:
"No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years. As amended Acts 1962, No. 104, §§ 1, 2."
Obviously the Louisiana statutory law narrowly restricts the enforceability of a non-competitive restrictive agreement such as Orkin seeks to enforce in the present suit. Orkin admits that it did not have any "investments" in training of Broussard or incurred any expense in the advertisement of the business such as to bring it within that particular exception of the statute which provides that in cases where the employer incurs an expense in the training of an employee or incurs an expense in the advertisement of the business that the employee is engaged in, then, and in that event, it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee would be prohibited from competing with the employer. Therefore, the statutory exception is not available to Orkin to validate an otherwise void and unenforceable agreement.
In the instant case however, Orkin argues that the relief which it seeks herein is not such as to prevent Broussard from engaging in the exterminating business, either for himself or for another. Rather, Orkin is seeking an injunction for the narrow purpose of preventing Broussard from soliciting or servicing those customers of Orkin who Broussard himself was servicing prior to the termination of his employment with Orkin.
This Court, in Orkin Exterminating Company v. Foti, 287 So.2d 569 (La.App. 3 Cir. 1973), affirmed 302 So.2d 593 (La.1974) held that restrictive covenants are unenforceable unless they fit under the exception stated in the statute. In Foti, the trial court had granted an injunction similar to the one sought herein by Orkin, and on appeal Foti did not appeal that portion of the trial court judgment which had granted the injunction enjoining Foti from servicing or soliciting Orkin customers whom he was servicing at the time of the termination of employment. Therefore, this limited issue was not before this Court or the Louisiana Supreme Court, and accordingly was not considered.
Orkin seeks to do herein that which was not involved in Foti at the appellate level. Counsel for Orkin argues that the relief sought herein is not to enjoin Broussard from engaging in the exterminating business, but only seeks to enjoin Broussard from servicing those customers of Orkin whom he was servicing prior to termination of his employment with Orkin. We can see no distinction in legal principle. In Foti we held that the amendment to Section 921 (generally prohibiting enforcement of contracts not to compete) to permit such contracts *1277 where an employer incurred expense in training of employee or in advertisement of business that employer was engaged in, was intended to protect the employer only where he had invested substantial sums in special training of the employee or in advertising employee's connection with the business. See also National Motor Club of La., Inc. v. Conque, 173 So.2d 238 (La.App. 3 Cir. 1965), certiorari denied 247 La. 875, 175 So.2d 110. Where there is no showing of such expenditures, the restrictive agreement is null and unenforceable. Inasmuch as Orkin has failed to show such expenditures in the instant case, its agreement with Broussard is null and unenforceable.
In the Conque case, the Third Circuit considered practically identical relief sought by National Motor Club. The Third Circuit reversed the trial court insofar as it had enjoined the defendant Conque from engaging in competition with the business of National Motor Club, or from contacting the present or former customers of National Motor Club. Therefore, the relief sought herein by Orkin was denied in Conque, and the Supreme Court denied writs of certiorari. Accordingly, Orkin's requested injunctive relief should be denied.
Having made the above disposition of the dispute herein, we need not consider whether or not Broussard violated the terms of the agreement by soliciting Orkin's customers.
The only other issue for us to decide is whether the trial court erred in awarding expenses and attorney fees because Orkin would not admit, on the request for admissions, the amounts spent for special training for Broussard, and nor would Orkin admit that they had not made expenditures for special training, which refusal by Orkin resulted in Broussard having to prove same at trial. The trial court awarded to Broussard the amount of $200.00 for such expenses and attorney fees.
We are of the opinion that the trial court committed no manifest error in the award of expenses and reasonable attorney fees. Certainly Orkin should have been able to answer "yes" or "no" whether it had "spent monies sending Mr. Broussard to an intensive training school where he was taught how to perform his job." While it is true that reasonable minds could have differed as to what constituted the incurring of expenses such as to bring the matter under the exception in La.R.S. 23:921, the Foti and Conque cases, supra, laid down the guidelines, or at least held what "expenses" were not sufficient to bring the exception into play. By a simple perusal of these cases Orkin should have easily been able to answer that it had not spent monies[1] sending Broussard to an intensive training school where he was taught how to perform his job.
For the foregoing reasons, the judgment of the trial court is affirmed, and all costs of these proceedings are assessed against plaintiff-appellant, Orkin Exterminating Company, Inc.
AFFIRMED.
NOTES
[1] In manner and amounts sufficient to satisfy the requirements of Conque and Foti.