370 So.2d 670 (1979)
ALEXANDER & ALEXANDER, INC.
v.
Richard H. SIMPSON.
No. 10079.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1979.
Writ Refused June 1, 1979.
John J. Weigel, Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for plaintiff-appellant.
George V. Baus, Philip A. Franco, Adams & Reese, New Orleans, for defendant-appellee.
Before REDMANN, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is a case involving a non-competition employment contract.
*671 The facts are these: Richard Simpson, appellee, was hired by Alexander & Alexander, Inc. appellants, to work as manager of their commercial property department. He was later reassigned to the position of Assistant Account Executive. In order to continue employment at A & A, appellee was asked to sign a restrictive employment agreement and did so in 1976. In 1978, appellee was asked to resign and did. He subsequently went to work for another company engaged in the same business where he made contact with some of the accounts he had served with A & A.
A & A brought this suit to enjoin Simpson from violating the agreement between the parties. Simpson defended on the ground that the agreement was in violation of Louisiana Law. The trial court rendered judgment denying the injunction and declaring the agreement null and void. It is from this decision that A & A takes this appeal.
The agreement in question provides in pertinent part:
"It is agreed that if your employment with A & A should terminate for any reason, you will not, for a period of two years after the date of such termination of your employment, . . . solicit, sell to, divert, serve, accept or receive insurance agency, brokerage, or a consulting business . . . from any customer or active prospect of A & A, which you personally alone, or in combination with others, handle, service or solicit, at any time during the two (2) years, immediately preceding termination of your employment."
The trial judge found that this agreement violated Louisiana Revised Statute 23:921 which provides:
"No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years."
The court found that this case did not fit into the exceptions set out in the statute since A & A did not invest substantial sums in special training for Simpson, nor did it advertise his connections with the business. Our review of the testimony reveals no manifest error in this factual finding. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Appellants' main contention is that the statute prohibits only agreement not to compete in the same business and that the prohibition was not intended to be so broad as to include non-solicitation agreements. In Orkin Exterminating Company v. Broussard, 346 So.2d 1274 (La.App. 3rd Cir. 1977, Writ denied 350 So.2d 902 (1977)), the Third Circuit found no distinction between non-competition and non-solicitation agreements and held that restrictive agreements are unenforceable unless the statutory proviso applies.
We agree with this decision. An examination of the wording of the statute confirms this position by use of the word "any" before "competing business". This phrasing convinces us that the prohibition was intended to be broad enough to include not only the operation of a similar business, but also all components of the business operation, such as solicitation of customers. Solicitation of business is certainly a part of competition. The agreement would even prohibit accepting any business that may be voluntarily offered by past clients, although appellant does not contend for this on appeal. We therefore agree with the trial *672 judge that the agreement in this case is null and unenforceable under Louisiana Law.
For the above reasons, the judgment of the trial court dismissing the suit is affirmed.
AFFIRMED.