499 So.2d 1314 (1986)
In the Matter of Arbitration Between STANDARD COFFEE SERVICE COMPANY and Theodore W. Preis.
No. CA-4869.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Writ Denied February 6, 1987.
Walker, Bordelon & Hamlin, Michael T. Tusa, Jr., New Orleans, for plaintiff-appellee.
David J. Calogero, Herman, Herman, Katz & Cotlar, New Orleans, for defendant-appellant.
Before GULOTTA, WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
In September of 1979 the defendant-appellant Theodore Preis began working for plaintiff-appellee Standard Coffee Company ("Standard"). On April 6, 1984 Standard and Preis executed an agreement entitled "Standard Coffee Service Company Non-Solicitation Agreement" ("agreement"). In pertinent part that agreement reads as follows:
... In consideration of payment of the sum of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS, it is agreed by and between STANDARD and salesman as follows:
(1) Salesman agrees that should he leave the employment of STANDARD, *1315 he will not for a period of two calendar years from the date of this agreement directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, firm, joint venture, partnership, company, corporation, organization or association solicit, divert, take away, sell coffee/related supplies or serve any customer of STANDARD with whom he has had dealings or of whom he has knowledge by virtue of his employment by STANDARD ...
On September 17, 1984, Standard terminated Preis as a route sales representative. Preis began working in competition with Standard and proceeded to solicit their customers.
In January of 1985 Standard filed a demand for arbitration of the agreement. In answer to that demand Preis asserted that the agreement was illegal and made a counter-claim for $20,000 asserting that Standard's enforcement of the agreement "unlawfully interfered with his right to do business and has caused him damages in the form of lost business and lost profits."
The arbitration hearing was held on May 17, 1985. In June of 1985 the arbitration award was rendered in favor of Standard. That award reads in pertinent part as follows:
1. The contract at issue is determined to be a contract not to solicit and not a contract not to compete. This non-solicitation agreement is therefore valid under Louisiana Law and enforceable except for that provision addressed below, which is contrary to public policy.
4. The non-solicitation agreement is valid and enforceable in accordance with the decision of the Louisiana Supreme Court in the case of Martin-Parry Corporation vs. New Orleans Fire Detection Service, et al, [221 La. 677] 60 So.2d 83 (La.Sup.Ct.1952). Defendant's reliance on L.R.S. 23:921, and the cases construing it, is misplaced. That statute precludes the employee from engaging in any competing business for himself or as the employee of another. The non-solicitation agreement construed here, merely precludes the employee, defendant Ted Preis, from soliciting the customers and accounts he obtained contact with or knowledge of as a result of his employment by plaintiff. It is both reasonable and not contrary to the provisions of L.R.S. 23:921 for an employer to contract with its employee not to convert the customer lists and cliental of his employer at the termination of employment. Indeed, in the case at bar, the defendant was not required to enter into the Non-solicitation Agreement and unequivocally concedes that he was not coerced into entering into the Non-solicitation Agreement but did so in order to freely avail himself of the money offered by the plaintiff as consideration for that contract. Thus, while it may be difficult in Louisiana for an employer to successfully obtain an enforceable contract not to solicit, plaintiff here has unequivocally succeeded in doing so.
On July 15, 1985 pursuant to LSA-R.S. 9:42101 Preis filed a "Motion to Vacate Arbitrator's Award" in Civil District Court for the Parish of Orleans. Subsequently Standard filed a Motion to Confirm the Arbitrator's Award. Both Motions were heard by the district court on September 27, 1985. On October 3, 1985 the district court rendered a judgment denying Preis's motion to vacate the arbitrator's award, confirming the arbitrator's award and upholding the validity of the agreement. Preis appeals from that judgment.
Appellant claims that the arbitrator's award should be vacated because it is against public policy. LSA-R.S. 23:921 specifies as follows:
No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment *1316 with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years.
This statute embodies Louisiana's strong public policy against noncompetition agreements. The only exception to the general prohibition of such agreements is that specified in LSA-R.S. 23:921 where the employer incurs expense in the training of the employee or in advertising the employees association with the business. See Orkin Extermination Co. v. Foti, 302 So.2d 593 (La.1974).
Appellant claims that the arbitrator erred in finding that the agreement between him and Standard is a non-solicitation agreement, and that the agreement is in fact a noncompetition agreement which is in violation of LSA-R.S. 23:921 and against public policy.
LSA-R.S. 9:4210[1] provides the grounds on which a court may vacate an arbitration award. There is no provision for vacating an award because it is against public policy. However, we agree with the generally established principle that an arbitration award should be vacated when "the award is so misconceived that it `compels the violation of law or conduct contrary to accepted public policy." Revere Copper & Brass Inc. v. Overseas Private Investment Corp., 628 F.2d 81, 83 (D.C.Cir.1980), cert. denied, 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980) (citation omitted).
If this contract is a noncompetition agreement and the contract is allowed to be enforced such enforcement would be in clear contravention to the public policy of the State of Louisiana. This court would be enforcing a void contract. As the court pointed out in Revere, "there is a vast difference between the enforcement of a void contract and the mere misunderstanding or misapplication of rules of law involved in the application to a particular dispute of a valid contract ..." id. quoting Interinsurance Exchange of Automobile Club v. Bailes, 219 Cal.App.2d 830, 33 Cal. Rptr. 533, 538 (1963).
In order to determine whether enforcement of the agreement would violate public policy we must determine whether the arbitrator correctly concluded that the agreement was not a noncompetition agreement.
In the case of Alexander & Alexander, Inc. v. Simpson, 370 So.2d 670 (La.App. 4th Cir.1979) this court followed the leave of the Louisiana 3rd Circuit Court of Appeal in Orkin Exterminating Company, Inc. v. Broussard, 346 So.2d 1274 (La.App. 3rd Cir.1977, writ denied 350 So.2d 902 (La.1977). The Orkin court held that a contract which specified that the defendant could not "Call upon any customer or customers *1317 of the company solicited or contacted by the employee or whose account as serviced by the employee ... for the purpose of soliciting or selling ..." was null and void, and unenforceable pursuant to LSA-R.S. 23:921. In accord with that finding this court held in Alexander, supra that the LSA-R.S. 23:921 "prohibition was intended to be broad enough to include not only the operation of a similar business, but also all components of the business operation such as solicitation of customers."
In accord with the Alexander opinion we find that the agreement is a noncompetition agreement, and that unless Standard presented evidence at the arbitration hearing that it falls into the 23:921 exception enforcement of the agreement in the instant case would be against public policy.
Pursuant to LSA-C.C.P. art. 2164 we have reviewed the arbitration proceedings to determine whether Standard's expenditures on Preis while he was their employee places it into the LSA-R.S. 23:921 exception.
In Orkin Exterminating Co. v. Foti, 302 So.2d 593 (La.1974) the Louisiana Supreme Court discussed the LSA-R.S. 23:921 exception. In that case the court stated that the exception applies,
If an employer extensively advertises a particular employee as the man to go to for the employer's type of services, it is not unfair to protect the employer's investment in this particularized asset by authorizing a limited non-competition agreement to prevent the advertised employee from misusing it. If an employer spends a substantial sum affording special training to an employee, it may not be unfair to protect the employer by authorizing a limited non-competition agreement to prevent the employee from using this specialized training for the benefit of another in competition with his former employer.
However, ... normal expenses of administration and supervision  such as employee sales and training meetings, the time spent breaking in a new employee, training courses in the administrative needs of the emplolyer itself  cannot be considered the sort of "training" expense intended to justify the heavily disfavored non-competition agreement.
Id. at 597.
In the instant case, the testimony at the arbitration hearing revealed that Mr. Preis received only the normal training given to any person in his position. Furthermore, the only advertising expenses which were directly related to Mr. Preis was the placement of his business card on the individual coffee machines. In our opinion these training and advertising expenses are insufficient to place the agreement in this case within the LSA-R.S. 23:921 exception.
Mr. Preis also requests that this court remand this case to the trial court for determination of his counterclaim for damages for Standard's interference with his right to do business and an assesment of attorneys fees in his favor. We refuse that request. There was no evidence presented at the arbitration hearing in support of Mr. Preis' counterclaim. With regard to the attorneys fees we must agree with the arbitrators assessment as follows:
Considering the evidence presented in this matter the unfamiliarity of the defendant with the enforceability of a Non-solicitation Agreement together with the fact that the defendant acted on the advice of counsel and the fact that the actions of the plaintiff were clearly reasonable under the circumstances, justice requires that each party shall bear their own costs.
For the foregoing reasons the judgment of the trial court is reversed.
REVERSED.
NOTES
[1] 9 § 4210. Motion to vacate award; grounds; rehearing

In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceed their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.