BARRY, Judge.
Theodore Preis appeals a judgment which maintains Standard Coffee Service Company’s exception of res judicata in his suit for damages. The issue involves whether prior litigation on a non-compete agreement is res judicata.
Preis was a route sales representative for Standard from September, 1979 until September, 1984. Preis signed an employment agreement on September 29, 1979 which contains a non-compete covenant and provision for injunctive relief and damages if it is violated.
On October 16, 1981 Preis signed a second agreement which includes provisions for liquidated damages and arbitration. On April 6,1984 Preis received $500 to sign a third contract with a “non-solicitation agreement” which provides that for two years he would not solicit, divert, take away, sell to or serve any Standard customer with whom he had dealings or knew by virtue of his Standard employment.
Preis was terminated by Standard on September 17, 1984 and on January 18, 1985 Standard filed a demand for arbitration based on alleged violations of their agreement. Preis counterclaimed that the employment agreement was illegal and Standard interfered with his right to do business which caused lost profits of $20,-000. The arbitrator found the contract to be a non-solicitation agreement rather than a non-compete contract and ordered Preis to cease soliciting customers he knew through his Standard employment.
The arbitrator concluded the evidence did not establish the number of accounts or machines Preis solicited, hence, the $1,000 (per account) liquidated damages provision was inapplicable. Nor was there sufficient proof of actual damages or any evidence as to attorney’s fees.
Preis’ counterclaim was dismissed. The arbitrator decided each party should pay its costs and concluded that the award was a “full and complete adjudication of all claims submitted to arbitration by either party against the other.”
The district court judge granted Standard’s motion to confirm the award validating the non-solicitation agreement and denied Preis’ . motion to vacate the decision. This Court reversed that judgment after concluding that the contract contained a non-compete agreement that was against public policy and the exception in La.R.S. 23:921 was not applicable. In the Matter of Arbitration Between Standard Coffee Service Company and Theodore W. Preis, 499 So.2d 1314 (La.App. 4th Cir.1986). This Court rejected Preis’ request for a *25 remand to determine his counterclaim and to assess attorney’s fees because “[tjhere was no evidence presented at the arbitration hearing in support of Mr. Preis’ counterclaim.” Id. at 1317. The Supreme Court denied writs. 501 So.2d 232 (La.1987).
Preis then filed a petition alleging that he sustained damages from Standard’s requested arbitration of the illegal non-solicitation agreement, that Standard was in bad faith, that he was placed under an extreme financial burden because he could not earn a living in his chosen field, that he lost his home and suffered mental anguish. He requested an award for loss of commissions and profits, attorney’s fees to defend the arbitration, mental anguish and emotional distress, and loss of business development and damage to his reputation.
Standard filed an exception of res judica-ta. Preis then filed a supplemental petition with an allegation that Standard’s conduct constituted unfair practices and unfair methods of competition in violation of the Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401 et seq. Preis requested actual damages, treble damages and reasonable attorney’s fees and costs.
In ruling on Standard’s exception of res judicata, the trial court concluded:
My position is that the Court of Appeals [sic] looked at all of your claims. They decided that there was no basis to make any award to you either for attorney fees or damages. They even used the word, it says, Mr. Preis requested that this matter be remanded to the trial court for a determination of the counter claim damages for, which means to me, growing out of, Standard interference with his right to do business, that is an unfair trade practice, and that is the same as unfair trade practice in Louisiana, and an assessment of attorney fees in his favor, we refuse that request.
* * * * * *
Now, the Court Of Appeals [sic] will understand that I have found that they ruled rightly or wrongly, that you were seeking damages for an unfair trade practice. I understand that they have denied those damages too. If they didn’t, attempted to do that, they can correct it and also the attorney fees if they didn’t intend for that to be all persuasive, they can do something about it.
Preis argues that the primary issue in the arbitration was the validity of the non-solicitation agreement and the applicability of La.R.S. 23:921, and his counterclaim was only for tortious interference with his business. He contends his present claims are not based on the same material facts considered in the arbitration and this Court’s opinion on his counterclaim does not bar this suit. Alternatively, Preis argues that affirming the judgment maintaining the res judicata exception should not preclude litigation of his Unfair Trade Practices claims for mental anguish, damage to reputation and statutory attorney’s fees.
Standard responds that this suit involves the same parties, demands the same thing, asserts the same cause as the prior litigation, and is barred by res judicata. Standard also argues La.C.C.P. Art. 425, which prohibits division of an obligation, does not permit this suit because its claims should have been made in the prior suit.
La.R.S. 13:4231 sets out the essential elements of the doctrine of res judicata:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Res judicata is strictly construed. Each and every element must be present in order to maintain the exception. Mai v. Mai, 419 So.2d 1251 (La.App. 3rd Cir.1982), writ denied 420 So.2d 970 (La.1982).
The term “cause of action” is a mistranslation from the French article and should read “cause.” Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Boudreaux v. Boudreaux, 471 So.2d 1095 (La.App. 3rd Cir.1985); Building Engineering Services Company, Inc. v. State, 441 So.2d 417 *26 (La.App. 4th Cir.1983). The same set of circumstances may give rise to a number of causes, and the decision in a case based on one cause does not bar another suit arising from the same facts, but based on a different cause. Golman v. Dixie Insurance Company, 385 So.2d 309 (La.App. 3rd Cir.1980), writ denied 386 So.2d 357 (La.1980).
All issues presented by pleadings and on which evidence was offered will be considered as disposed of by the final judgment. R.G. Claitor’s Realty v. Juban, 391 So.2d 394 (La.1980).
Under collateral estoppel a fact actually litigated (its determination essential to the earlier judgment) and determined in an earlier suit is conclusive between the parties even though the cause of action was not the same in both suits. Collateral estoppel is not recognized in Louisiana. Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978); Shell Oil Company v. Texas Gas Transmission Corporation, 176 So.2d 692 (La.App. 4th Cir.1965). See also Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985).
We find the trial court erred by holding that Preis’ claim for unfair trade practices was adjudicated in the arbitration award. That demand or cause was not considered when this Court rendered its earlier opinion.
Both sides concede that the parties and the thing demanded are the same, but we find the cause is not the same. Preis’ original counterclaim was for tortious interference with his business activity. In his petition subsequent to the finality of the arbitration award, Preis alleged damages due to Standard’s enforcement of the illegal agreement. He sought loss of commissions and profits, attorney’s fees, mental anguish and emotional distress, loss of business development, and damage to his reputation.
Loss of commissions, profits and attorney’s fees due to the defense of the arbitration were covered by the arbitrator’s dismissal of Preis’ counterclaim and the sub-" sequent district court judgment which this Court affirmed. However, Preis’ claims for emotional distress and damage to reputation and loss of business development have never been litigated. Preis’ claim of unfair trade practices in his supplemental petition states a distinct cause of action which was clearly not litigated in the dismissal of his tortious interference with business counterclaim. His claim for actual damages, treble damages, attorney’s fees and costs under La.R.S. 51:1405 has never been litigated.
Under the unfair trade practices action Preis must prove fraud, deception or unethical conduct on Standard’s part. He must show an unfair trade practice which offends established public policy and is unethical, oppressive and unscrupulous. Dufau v. Creole Engineering, Inc., 465 So.2d 752 (La.App. 5th Cir.1985), writ denied 468 So.2d 1207 (La.1985).
Similarly, Preis’ claims of emotional distress, damage to his reputation and business development require different proof than that in his interference claim. Those claims were not made in his counterclaim in the arbitration.
Maintaining the exception of res judicata as to the claims not previously litigated was clearly wrong. The judgment insofar as it maintained the exception as to Preis’ claims of unfair trade practices, mental anguish and emotional distress, damage to his reputation, and loss of business development is reversed and the matter is remanded for further proceedings. Otherwise the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.