545 So.2d 1010 (1989)
Theodore W. PREIS
v.
STANDARD COFFEE SERVICE COMPANY, A DIVISION OF WM. B. REILLY AND COMPANY, INC.
Nos. 89-C-0032, 89-C-0096.
Supreme Court of Louisiana.
June 19, 1989.
*1011 David Walker, Michael Tusa, Jr., Walker, Bordelon, Hamlin & Theriot, New Orleans, for Standard Coffee Service Co.
David Calogero, Metairie, for Theodore Preis.
MARCUS, Justice.[*]
Theodore Preis was a route sales representative for Standard Coffee Service Company (Standard) from 1979 to 1984. During the course of his employment, Preis signed three "non-compete" or "non-solicitation" agreements, providing for liquidated damages and arbitration. The last of these, signed on April 6, 1984, provided that for two years Preis would not solicit, divert, take away, sell to or serve any *1012 Standard customer with whom he had dealings or knew by virtue of his Standard employment. Preis was terminated by Standard on September 17, 1984. Standard subsequently filed a demand for arbitration, claiming that Preis had violated the terms of the April, 1984 agreement. Preis counterclaimed, alleging that Standard had "unlawfully interfered with his right to do business and has caused him damages in the form of lost business and lost profits." The arbitrator found the agreement valid and ordered Preis to stop soliciting Standard's customers; however, the arbitrator did not find sufficient evidence to award Standard liquidated damages or attorney fees. The arbitrator dismissed Preis' counterclaim. The trial judge confirmed the arbitrator's award validating the agreement and denied Preis' motion to vacate the award. The court of appeal reversed, finding the agreement signed by Preis was a non-competition agreement that was against public policy. The court refused to remand the case for a consideration of Preis' counterclaim, since "[t]here was no evidence presented at the arbitration hearing in support of Mr. Preis' counterclaim."[1] That judgment became final on February 6, 1987, when this court denied Standard's application for a writ of certiorari.[2]
Preis filed the present suit against Standard on August 12, 1987, requesting damages for loss of commissions and profits, mental anguish, emotional distress, loss of business development and damage to reputation, all resulting from Standard's demand for arbitration and enforcement of the non-solicitation agreement. He further sought attorney fees incurred in the defense of arbitration. Standard filed an exception of res judicata. Thereafter, Preis filed a supplemental petition, claiming that he was entitled to "actual damages, treble damages, reasonable attorney's fees and costs" under the Unfair Trade Practices and Consumer Protection Law (La.R.S. 51:1401 et seq.) for Standard's enforcement of the non-solicitation agreement.[3] The trial judge granted Standard's exception of res judicata and dismissed Preis' suit with prejudice. The court of appeal reversed the exception as to Preis' claims for actual damages, treble damages, attorney fees and costs under the Unfair Trade Practices and Consumer Protection Law, as well as to his claims for emotional distress, damage to reputation and business development. However, the court affirmed the exception as to his claims for loss of commissions, profits and attorney fees due to the defense of arbitration.[4] We granted and consolidated the separate applications of Standard and Preis for writs of certiorari to review the judgment of the court of appeal.[5]
The issue presented is which, if any, of Preis' claims in the second lawsuit are barred by res judicata and/or by La. Code Civ.P. art. 425.
The concept of res judicata or a "thing adjudged" is defined by La.Civ.Code art. 3556(31):
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing has elapsed, or because it has been confirmed on the appeal.
*1013 La.R.S. 13:4231 (formerly La.Civ.Code art. 2286) details the elements of res judicata:
The authority of the thing adjudged takes place with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Both sides concede that the demand is between the same parties in the same quality and the thing demanded is the same. The dispute centers around whether the demand is founded on the same cause of action.
It is well-settled that the term "cause of action" as used in La.R.S. 13:4231 is a mistranslation from the French and really refers to the civil law concept of cause. Mitchell v. Bertolla, 340 So.2d 287 (La. 1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Dixon, Booksh and Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. 611 (1977). Cause in this context has been defined as "the juridical or material fact which is the basis of the right claimed, or the defense pleaded." Mitchell, supra; 2 M. Planiol, Treatise on the Civil Law 38 (L.S.L.I. trans. 1959). It is the "legal obligation upon which the action is founded." Sliman, supra.
An examination of the record shows that the underlying juridical or material facts in Preis' original counterclaim and his present suit are based on Standard's demand for arbitration and enforcement of the non-solicitation agreement. Preis originally claimed that Standard's action in this regard constituted an "unlawful" interference with his right to do business causing him damages in the form of loss of business and profits. In the present suit, Preis claimed the same conduct by Standard constituted an unfair trade practice in violation of La.R.S. 51:1401 et seq. Clearly, the cause of both suits is the same. Both actions are founded on a single legal obligation on the part of Standard; namely, its obligation not to enforce an illegal non-solicitation agreement against its employee. Although a breach of this obligation is actionable under both the general tort law and the Unfair Trade Practices and Consumer Protection Law, it is clear that the legal obligation is identical in both instances.[6] The court of appeal found Preis' unfair trade practice claim required different proof from his original counterclaim and was therefore not barred by res judicata. However, it is clear that the "use of different evidence to support a ground of recovery does not constitute an allegation of a different `cause' sufficient to defeat a plea of res judicata." Dixon, Booksh and Zimmering, Res Judicata in Louisiana Since Hope v. Madison, supra at 629, n. 98. Hence, we conclude that Preis' second suit based on the Unfair Trade Practices and Consumer Protection Law is barred by res judicata.[7]
A similar result is reached under La.Code Civ.P. art. 425:
An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand enforcement of the full obligation, he shall lose his right to enforce the remaining portion.
*1014 The term "obligation" as used in art. 425 is interchangeable with the concept of "cause" for purposes of res judicata. Cantrelle Fence and Supply Co. v. Allstate Insurance Co., 515 So.2d 1074 (La.1987). As we noted above, the only obligation Preis alleges that Standard owes to him arises from its demand for arbitration and enforcement of the non-solicitation agreement. By trying to bring two separate actions based on this single obligation, Preis has in effect divided an obligation due him. Accordingly, we hold Preis' present suit is also precluded under the terms of La.Code Civ.P. art. 425.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed in part and reversed in part. The judgment of the district court sustaining the exception of res judicata and dismissing Preis' suit is reinstated. All costs at the trial and appellate levels are assessed against Theodore W. Preis.
CALOGERO, J., recused.
NOTES
[*] PIKE HALL, Jr., Associate Justice Ad Hoc, sitting for Associate Justice HARRY T. LEMMON. WALLACE A. EDWARDS, Associate Justice Ad Hoc, sitting for Associate Justice PASCAL F. CALOGERO, Jr., recused.
[1] In the Matter of Arbitration Between Standard Coffee Service Company and Theodore W. Preis, 499 So.2d 1314 (La.App. 4th Cir.1986).
[2] 501 So.2d 232 (La.1987).
[3] La.R.S. 51:1409(A) provides for private actions under the Unfair Trade Practices and Consumer Protection Law:

A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to defendant reasonable attorney's fees and costs.
[4] 534 So.2d 23 (La.App. 4th Cir.1988).
[5] 538 So.2d 601 (La.1989).
[6] A similar result was reached in R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980) (on rehearing), a case involving a dispute over unobstructed access to a parcel of property. In the first suit, plaintiff claimed he had a right to access under the terms of a verbal agreement between defendant and him. In the second suit, plaintiff argued the agreement created a servitude in his favor by operation of La.Civ.Code art. 2275 (1870). The court found the cause in both suits to be the same, even though the first suit was based on general contract law and the second was based on a specific code provision. Implicitly, the court found that both of plaintiff's suits alleged only one legal obligation on the part of defendantan obligation to allow access on the basis of the agreement.
[7] In addition to his unfair trade practices claim, Preis requested damages for loss of commissions and profits, attorney fees incurred in the defense of arbitration, mental anguish, emotion distress, loss of business development and damage to reputation. These claims were clearly based on the same cause as his original counterclaim and are barred by res judicata.