KLIEBERT, Judge.
This action was brought by Kim E. Seybert, authorized liquidator of 9 to 5 Fashions, Inc. (“plaintiff”), the uniform supplier to the Louisiana World Exposition, Inc. (LWE), against Petr L. Spurney, the former president and chief executive officer of LWE, and Western World Insurance Company, insurer of LWE (collectively the “defendants”), for the recovery of loss of profit, business failure, and out-of-pocket expenses allegedly resulting from the tor-tious conduct of Petr Spurney. Defendants, in response, filed a motion for judg *955 ment on the pleadings asserting res judica-ta as a bar to plaintiff's claims.[1] The trial court, without written reasons, denied defendants’ motion. On defendants’ application for supervisory writs filed under docket No. 89-C-739, we granted a writ of review and set the same for argument and briefing on our regular appellate docket.
Here defendants contend the district court committed reversible error in denying their plea of res judicata. They argue the claims asserted by plaintiff in the instant suit were previously litigated in 9 to 5 Fashions, Inc. v. Spurney, et al, 538 So.2d 228 (La.1989), see also 520 So.2d 1276, and, hence, are barred by the doctrine of res judicata. We agree.
The concept of res judicata or a “thing adjudged” is defined by La.-C.C. Article 3556(31) as follows:
“Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing has elapsed, or because it has been confirmed on the appeal.”
LSA-R.S. 13:4231 (formerly La.-C.C. Article 2286) details the elements of res judicata as follows:
“The authority of the thing adjudged takes place with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
In the case at hand, both sides concede that the demand is between the same parties in the same quality. The dispute centers on whether the thing demanded is the same and whether the demand is founded on the same cause of action. ‘
Thus, in determining whether plaintiff’s right to sue defendants in tort in this case is a “thing adjudged” to which we must accord conclusive authority, we look to the former suit to determine if there exists identical demands and causes between the first suit and the present litigation. If so, the object of the former judgment acquires the authority of the. “thing adjudged,” and the legal presumption arising in defendants’ favor and attached to the “thing adjudged” bars its relitigation. R.G. Claitor’s Realty v. Juban, 391 So.2d 394, 397 (La.1980).
With respect to the object of the suit or demand, plaintiff argues that although based on similar factual allegations with the first suit, the present suit involves separate demands, since plaintiff requests damages for lost profit, business,failure of 9 to 5 Fashions, and other out-of-pocket expenses. Plaintiff cites to Olsen Engineering Corp. v. Hudson Engineering Corp., 289 So.2d 346 (1st Cir.1973), writ denied, 293 So.2d 170 (La.1974) for authority that demands can be different while based on similar factual allegations. We distinguish Olsen from the instant suit based on the fact that Olsen’s first case in federal court arose out of a wrongful death action and the second case in state court arose out of a cause of action for property damages; thus, the consequent damages were different. Such is not the case in the instant action and plaintiff’s argument lacks merit. The object of both suits was to obtain a money judgment resulting from tortious interference with a uniform contract. The fact that the first suit sought certain damages and the second suit enlarged those damages is too technical a distinction to permit the relitigation of the same thing between the same parties. To decide the object of the demand, this Court is not limited to an examination of plaintiff’s brief and pleadings, but instead should determine what were the matters actually litigated and decided. State ex rel Guste v. City of New Orleans, 363 So.2d 678, 681 (La.1978), citing to Plainol, Vol 2, Pt. 1, No. 54A(5) and (6), La.Law Inst. Translation, 1959. Clearly, the same object is demanded in both suits herein. See also R.G. Claitor’s Realty, supra.
Next, we consider whether the cause upon which the demands in the two *956 suits were founded is the same. “It is well-settled that the term ‘cause of action’ as used in 'La.R.S. 13:4231 is a mistranslation from the French and refers to the civil law concept of cause.” (Citations omitted). Preis v. Standard Coffee Service Co., 545 So.2d 1010, 1013 (La.1989). “Cause in this context has been defined as ‘juridical or material fact which is the basis of the right claimed, or the defense pleaded.’ ” (Citations omitted). Id. “It is the ‘legal obligation upon which the action is founded.’ ” (Citations omitted) Id.
Plaintiff contends the cause in this action is distinct from the cause of the first action. In the appeal of the first action, the Supreme Court modified the tort law of Louisiana and described a new type of limited tort of intentional interference with contractual relations; in doing so, plaintiff asserts the Supreme Court recognized a new theory of recovery and established a new cause of action under which he now sues. Moreover, plaintiff urges that both a contract and a tort can create multiple obligations, and that a suit on one obligation does not preclude a suit on other obligations created by the same contract or tort. Cantrelle Fence & Supply v. Allstate Ins. Co., 515 So.2d 1074 (La.1987). While we agree with the statement of law, we distinguish the instant case from Cantrelle. In Cantrelle, the second suit involved an obligation arising out of a penalty statute, whereas, the first suit involved a separate obligation arising out of the contractual relationship under the insurance policy. We distinguish the present case from Cantrelle since both of plaintiff’s suits allege only one legal obligation on the part of defendants based on identical underlying juridical or material facts, namely, the obligation not to interfere with the contractual relationship which existed between plaintiff and LWE. Thus, the cause in both suits is the same.
Regarding plaintiff’s declaration that the Supreme Court created a new type of limited tort, that is, intentional interference with contractual relations, and that in doing so established a new cause of action under which he sues herein, we find that this cause of action was previously litigated. As stated by the Supreme Court in 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, at 229, 231:
“In this case we are called upon to decide whether an officer of a corporation owes any duty to a person having a contract with the corporation to refrain from unjustified, intentional interference with the contractual relationship.
* * * * * ⅜
9 to 5 seems to argue that Spurney acted intentionally to delay and hamper its performance. On the other hand, 9 to 5 also appears to argue that Spurney is legally responsible even if he was only negligent in causing damage. In effect, without labelling the delict, 9 to 5 urges .this court to recognize ... an action for tor-tious interference with a contractual relationship.”
Moreover, the fact remains that all delictual claims by plaintiff against the defendants arise from a single obligation or cause. See also, Golman v. Dixie Insurance Co., 385 So.2d 309, 310 (1st Cir.1980), writs denied, 386 So.2d 357 (La.1980). (“Plaintiff’s cause, therefore, is founded on the material fact of the automobile collision. She does not change her cause by alleging liability under Article 2317 rather than Article 2315. All of the articles relating to offenses and quasi-offenses are part of the same causal scheme.”) Similarly, in the instant suit, plaintiff’s cause is founded on the material fact of Spurney’s conduct as an officer of LWE. Plaintiff does not change its cause by alleging liability for intentional interference with contractual relations rather than negligence. Clearly, the same cause is asserted in both suits.
A similar result is reached under La.-C. C.P. Article 425 which states as follows:
“An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.”
*957 The term “obligation” as used in Article 425 is interchangeable with the idea of “cause” for purposes of res judicata. Preis, supra, 545 So.2d at 1014. As we previously stated, the only obligation plaintiff alleges defendants owe to him arises from the obligation not to interfere with the contractual relationship which existed between plaintiff and LWE; By trying to bring two separate actions based on this single obligation, plaintiff has divided an obligation due him. Accordingly, we hold plaintiffs present suit is also precluded under La.-C.C.P. Article 425.
For the reasons assigned, the judgment of the district court denying defendants’ plea of res judicata is reversed and plaintiffs suit is dismissed.
REVERSED.

. In essence they urged a peremptory exception of res judicata.