|1KLIEBERT, Chief Judge.
Veterans Electric, Inc. (hereinafter Veterans), plaintiff-appellant, appeals the trial court judgment granting the exception of res judicata filed by Dragon Limited, Inc. (hereinafter Dragon), and Indiana Lumbermen’s Mutual Insurance Company (hereinafter Lumbermen’s), defendants, and dismissing Veterans’ action with prejudice. For the following reasons, we reverse and remand for further proceedings.
Veterans filed its initial suit against Dragon and its surety, Lumbermen’s, to collect its unpaid contract price for work performed at the Aquarium of the Americas. The suit was allotted to Division “K” in the 24th Judicial District Court, No. 404-499 and proceeded toward a conclusion. Several trial dates were set and continued. Shortly before an early 1993 trial date, Veterans’ counsel withdrew, resulting in a new trial date being selected. Present counsel for Veterans enrolled shortly before this new date and moved for leave of court to file an amending petition seeking damages for Dragon’s alleged bad faith and intentional acts in connection with the contract work. The trial court originally granted Veterans leave to file the amending petition, but later rescinded that order following a hearing on an opposition filed by |2defendants. Veterans sought review of the trial court’s order in this Court and the Supreme Court. We denied writs[1] stating:
“On the showing made, we see no abuse of the trial court’s discretion to refuse the relator, Veterans Electric, Inc., leave to add additional damages to his petition.” La.C.Civ.P. art. 1155.
The Supreme Court[2] also denied writs.
Thereafter, on July 15,1993, Veterans filed a new suit in the 24th Judicial District Court which was allotted to Division “G” under No. 451-474. This suit names as defendants Dragon and Lumbermen’s and seeks damages for Dragon’s bad faith and intentional acts concerning work on the subcontract at the Aquarium of the Americas. Defendants filed an exception of res judicata alleging the order of Division “K” refusing to allow the amending petition to be filed in that lawsuit, and the subsequent writ denials by this Court and the Supreme Court preclude Veterans from seeking those damages in a new suit.
The concept of res judicata or a “thing adjudged” is defined by La.-C.C. Article 3506(31) as follows:
*757 “Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing has elapsed, or because it has been confirmed on the appeal.”
LSA-R.S. 13:4231 (formerly La.-C.C. Article 2286) details the elements of res judicata and now provides as follows:
“Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action. |3(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.”
See Seybert v. Spurney, 562 So.2d 954 (5th Cir.1990).
In deciding the applicability of res judicata, we must first look to the former suit to determine what was adjudged by a final judgment. In deciding same, the court should determine what were the matters actually litigated and decided. Id.
The first suit’s order made the basis of the exception is not a final judgment on the merits of the allegations but an interlocutory order denying Veterans leave to file an amending petition. Issue was never joined and the merits of the allegations in the amending petition never heard. The second petition seeks to have the merits of the allegations heard. Because the matter “actually litigated” in the first suit concerned leave to amend a petition and the second suit concerns the merits of the allegations, the matters actually litigated and decided are different. Accordingly, the exception of res judi-cata was improperly granted.
Dragon also asks that Veterans be assessed sanctions for its actions. Although the request for sanctions would appear not to have merit, the issue is not before us because Dragon has not appealed or answered the appeal. Franks v. Royal Oldsmobile Co., Inc., 605 So.2d 633 (La.App. 5th Cir.1992).
For the foregoing reasons, the trial court judgment granting defendants’ exception of res judicata is reversed and the matter remanded for further proceedings.

REVERSED AND REMANDED.

. Writ No. 93-C-567.

. Writ No. 93-CC-1950.