KNOLL, Judge.
Lettel Mouillier filed an action in redhibition against Carol Duos, the seller/installer of a swimming pool, and Hallmark Pool Corporation, the manufacturer of the pool material, seeking a rescission of the sale and attorney’s fees. Duos filed an exception of prescription to Mouillier’s claim which was referred to trial on the merits. After hearing the evidence, the trial judge maintained Duos’s exception of prescription, and awarded judgment in Mouillier’s favor against Hallmark reducing the purchase price by $4000 and granting him attorney’s fees from Hallmark of $1750. Without specifying his reasons, the trial judge also dismissed Duos’s third party demand against Hallmark for attorney’s fees. Duos brings this appeal, contending the trial judge erred in failing to award him attorney’s fees from Hallmark. We affirm.
Dispositive of this issue is LSA-C.C. Art. 2531 which provides as follows:
“The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or me which the purchaser has drawn from it. In any case in which the seller is held liable became of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action agaimt the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent *524 such recoupment by the seller shall not be given any force or effect. ” (Emphasis added).
Attorney’s fees can only be awarded in those instances which are specifically provided by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959). No contract provision between Duos and Hallmark was relied upon and none appears in the record. C.C. Art. 2531 clearly makes the manufacturer liable to the seller for attorney’s fees only when the “seller is held liable because of redhibitory defects”. In the present case Duos was dismissed from Mouillier’s lawsuit and was not cast with any liability for the redhibi-tory defects. Duos has cited no authority for his contrary position and our research fails to find any jurisprudence in his favor.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Duos.
AFFIRMED.