580 So.2d 722 (1991)
Patrick J. DAIGLE, et al., Plaintiffs-Appellees,
v.
VOLKSWAGEN OF AMERICA, INC., Giles Lafayette, Inc., et al., Defendants-Appellants.
No. 89-856.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
Rehearing Denied June 24, 1991.
*723 John W. Kennedy, New Orleans, for plaintiff/appellee.
Sessions & Fishman, Camilo K. Salas III, New Orleans, for defendant/appellant.
Plaisance & Mason, Samuel E. Plaisance, Mickey R. Mason, New Iberia, for intervenor/appellee/defendant.
Roy, Carmouche, Birins, Judice, Henke & Breaud, Alan K. Breaud, Phillip E. Roberts, Lafayette, for defendant/appellee.
Before FORET, LABORDE and KNOLL, JJ.
FORET, Judge.
This is an appeal from a judgment awarding an attorney's fee of $8,500 to an auto dealer from an auto distributor.
The issues on appeal are whether the trial court properly awarded attorney's fees to Giles Lafayette, Inc. (Giles) on its third party demand against Volkswagen of America, Inc. (VWA) and, if so, whether Giles is entitled to an increase in attorney's fees for this appeal.
We affirm.
A Volkswagen Vanagon was purchased by Patrick J. Daigle (Daigle) from Giles, a dealership. That vehicle had been obtained from VWA. It was to be used as the means of the Daigle family transportation and for camping.
Immediately after the sale, Daigle experienced innumerable difficulties with the vehicle. He was able to use the vehicle only about one-half of the time. His use of the vehicle was so inconvenient that he would not have purchased it had he known of its defective condition. Repair jobs were conducted. As a result of those repair jobs, most problems were corrected; however, others were not and could not be remedied. As a result, Daigle sold the vehicle at a loss.
This suit in redhibition and, in the alternative, for quanti minoris, was subsequently instituted by Daigle against Giles and VWA. Giles filed a third party demand against VWA, claiming entitlement to defense of, and indemnity from and to, the claims of Daigle.
After trial on the merits, the trial court ruled that the Vanagon was defective; VWA was a bad faith seller; and Giles was not a bad faith seller. On the main demand of Daigle, judgment was rendered in his favor and against VWA, decreeing that plaintiff was entitled to a reduction in purchase price and attorney's fees. On the third party demand of Giles, judgment was rendered in its favor and against VWA, decreeing that Giles was entitled to an $8,500 attorney's fee from VWA. No ruling on indemnity in favor of Giles against VWA was made.
From the judgment regarding the third party demand of Giles, VWA appealed. Giles answered the appeal, seeking an increase in attorney fees for this appeal.
VWA argues that Mouillier v. Hallmark Pool Corp., 514 So.2d 523 (La.App. 3 Cir.1987), is controlling. Like this case, a purchaser instituted suit for rescission of a sale because the product sold was defective. The court held that a seller, found not liable to a purchaser, could not recover attorney fees from the manufacturer.
*724 The Mouillier case, supra, is distinguishable from this case. In that case, the purchaser's cause of action for redhibition against the seller had prescribed. The seller had filed an exception of prescription to plaintiff's petition, which was referred to the trial on the merits and ultimately sustained.
In the case at bar, Giles had a valid cause of action as against VWA. Giles' counsel had to prepare for, and attend, trial on the merits. The attorney had to defend Giles against the claims of Daigle and present Giles' case as against VWA.
On a third party demand against a manufacturer, an intermediate seller is entitled to an award of attorney's fees. This is so, even if the seller were held not liable to the purchaser. Holden v. Clearview Dodge Sales, Inc., 416 So.2d 335 (La.App. 4 Cir.1982), writs denied, 421 So.2d 248, 249 (La.1982).
In Holden, supra, the purchaser (Holden) filed a lawsuit in redhibition against the manufacturer of the motorcoach, Fleetwood Enterprises, Inc.; the manufacturer of the chassis, Chrysler Corporation; and the dealer-seller of the motorhome, Clearview Dodge Sales, Inc. As in this case, judgment was rendered in favor of the purchaser (Holden) and against the manufacturer (Fleetwood) only. The manufacturer appealed and the seller answered the appeal, seeking an attorney's fee against the manufacturer.
The court held that Clearview, the seller, was entitled to an attorney's fee from Fleetwood, the manufacturer.
"... we conclude Clearview, the innocent dealer, is entitled to relief under LSA-C.C. Art. 2545, as if plaintiffs had proved a redhibitory defect. The trial court's finding Fleetwood solely liable to plaintiffs and the dismissal of their claim against Clearview constitute a refusal by the trial judge to impute to the dealer knowledge of the defect. We find no error. Accordingly, we conclude Clearview is entitled to attorneys' fees. See C.T. Boudreaux Lbr. Co. v. Sherrwood Homes, 371 So.2d 326 (La.App. 4th Cir. 1979)."
Holden, supra, at page 341.
The attorney's fee for which VWA is liable unto Giles includes those for defense against the main demand of Daigle, those for the third party demand against VWA, and those for this appeal. Defendant-appellant, VWA, concedes that Giles is entitled to an award of attorney's fees for its defense against the demands of Daigle. La.C.C. art. 2545 authorizes an award of attorney's fees for the third party demand of Giles. It provides:
"Art. 2545. The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
The award of attorney's fees to Giles for this appeal is authorized in Holden, supra.
VWA also claims that if Giles were entitled to attorney fees, it would be limited to the amount spent defending plaintiff's claim, which Giles failed to prove at trial. We find no merit to this contention of VWA. VWA alleges that there was no evidence of a contract that would allow the recovery of all of the attorney's fees incurred by Giles. We fail to see the difference in defending the main demand of the plaintiff against Giles and the prosecution of Giles' third party demand against VWA. The trial court apparently did not think so either. The cost of defending the main demand and of recovering the fees and costs against the demand are in the nature of damages which is permitted by law in a redhibition case of this type. Evidence was presented by Giles of spending a total of $8,780.68 in attorney's fees and costs expended by Giles. The trial court judgment should be affirmed.
VWA also contends that Giles may not appeal the trial court's judgment absolving Giles from liability to plaintiff by simply filing an answer to VWA's appeal, and Giles' appeal must be dismissed. Because we have affirmed the award of the trial court judgment and deny the further relief requested by Giles in its appeal, this issue is moot.
*725 All costs incurred in the trial and appellate courts are to be borne by defendant-appellant, Volkswagen of America, Inc.
AFFIRMED.
KNOLL, J., concurs with reasons.
KNOLL, Judge, concurring.
I concur with the determination that attorney's fees were properly awarded to Giles Lafayette, Inc., the seller, against the manufacturer, Volkswagen of America, Inc. However, I find that LSA-C.C. Art. 2545, as relied upon in Holden v. Clearview Dodge, Inc., 416 So.2d 335 (La.App. 4th Cir.1982), writs denied, 421 So.2d 248, 249 (La.1982), cannot be the sole basis of this award. Article 2545 concerns the seller's bad faith. Giles was found to be a good faith seller.
In the second paragraph of LSA-C.C. Art. 2531, the good faith seller held liable for the redhibitory defect is given a right of action against the manufacturer for those losses. Accordingly, when Article 2531 is read in pari materia with Article 2545, the seller held liable is allowed to recover attorney's fees from the manufacturer.
Although it gives me pause to apply Article 2531 to the present case because Giles was not held liable to the purchaser, it was the litigation of Giles' liability which resulted in a finding that only the manufacturer was liable to the purchaser. The litigation proves or disproves the good or bad faith of the seller and/or manufacturer. Certainly, then, it would be incongruous if a contested determination of liability[1] would leave Giles without recourse against Volkswagen for an award of attorney's fees. Therefore, I would interpret LSA-C.C. Art. 2531 in pari materia with LSA-C.C. Art. 2545 to provide the non-liable good faith seller with a cause of action against the bad faith manufacturer to recover attorney's fees.
PER CURIAM:
In its application for rehearing, Giles Lafayette, Inc. points out that we inadvertently omitted the imposition of attorney's fees in favor of Giles for appeals purposes. We acknowledge the inadvertent omission and accordingly, hereby amend our original judgment to award the amount of $2,500 for attorney's fees for appeals purposes. In all other respects, our original judgment is affirmed.
Accordingly, since we have granted the relief sought by Giles, there is no necessity to grant a rehearing.
NOTES
[1] This factor further distinguishes my decision in Mouillier v. Hallmark Pool Corp., 514 So.2d 523 (La.App. 3rd Cir.1987). In Mouillier, supra, Duos, the seller, was not found free of liability to the purchaser; rather, the purchaser's action against Duos was dismissed on a peremptory exception of prescription. Accordingly, prescription, not a tried determination of liability, was what terminated the purchaser's action against Duos. Therefore, I also find Mouillier distinguishable on the facts.