WARD, Judge.
Writ granted.
This matter originally came before this Court on writ application filed by Leo Peters and State Farm Insurance Co. seeking review of the lower court’s denial of their motion for summary judgment directed to a cross claim filed against them by Allstate Insurance Co. This Court declined to exercise its supervisory jurisdiction. (No. 91-C-0120) Subsequently, by order dated October 4, 1991 (No. 91-CC-1521) 586 So.2d 521, the Supreme Court granted Peters’ and State Farm’s application for writ of certiorari and/or review, and remanded the matter to this Court “for briefing and opinion” in light of Perkins v. Scaffolding Rental and Erection, Inc., 568 So.2d 549 (La.1990).
This suit arises from a March 28, 1989, two-vehicle collision at the intersection of Elks Place and Cleveland Avenue. The accident involved a 1983 Ford Bronco driven by Wednesday D’Angelo but owned by Leo Peters and a vehicle driven by Charles McKenzie and occupied by Yolanda McKenzie and Keith Craft.
The occupants of the McKenzie vehicle sued Leo Peters and Wednesday D’Angelo, as the owner and driver, respectively, of the Bronco; State Farm Mutual Automobile Insurance Company, Peters’ insurer; and Allstate Insurance Company, McKenzie’s uninsured motorist carrier.
Thereafter, Allstate filed a cross claim against D’Angelo, Peters and State Farm *810 seeking indemnification, contribution and/or subrogation in the event it was held liable to the plaintiffs.
Subsequently, Peters and State Farm successfully moved for summary judgment, obtaining the dismissal of the plaintiffs' main demand against them, on the basis that D’Angelo was not a permissive user of Peters’ vehicle at the time of the accident and consequently not an insured under Peters’ policy with State Farm. Supporting documentation for the summary judgment was Peters’ and D’Angelo’s affidavits attesting and acknowledging that D’Angelo used the vehicle without Peters’ permission. The plaintiffs did not file a written opposition to the motion, although the record indicates they were present at the hearing on the motion.
Next, Peters and State Farm filed a motion for summary judgment, seeking dismissal of Allstate’s cross-claim against them, once again submitting the same documentation which supported the first summary judgment, maintaining that D’Angelo was a non-permissive user and additionally arguing that any rights Allstate might have had against them were extinguished when the Trial Court dismissed plaintiffs’ claims against them with prejudice in the main demand.
Allstate opposed the motion, contending that genuine issues of material fact existed regarding whether D’Angelo had Peters’ permission to use his vehicle and whether D’Angelo was an insured under the State Farm policy, facts which would preclude summary judgment. Allstate further argued that because it was never served with State Farm’s prior motion for summary judgment the Trial Court improperly granted the motion, therefore its subrogation rights were not extinguished. The Trial Court denied summary judgment, consequently Peters and State Farm seek this Court’s review of that ruling.
Peters and State Farm contend the Trial Court erred and advance the same arguments in this writ application as they urged in their motion for summary judgment against Allstate.
Allstate’s cross-claim against Peters and State Farm seeks:
... judgment over and against defendants in cross claim for full indemnification because of the fault/negligence of defendants in cross claim, or for the proportionate share or contribution for which defendants in cross claim are responsible under such judgment or settlement, because of the percentage of fault attributable to defendants in cross claim as between joint tortfeasors ...
Additionally, Allstate contends that it “is subrogated to the rights of its insured [McKenzie]” ...
A review of the pertinent jurisprudence indicates that Allstate has no right to indemnification or contribution from Peters and State Farm. Any claims Allstate might have against them are limited to those acquired through subrogation of the insured’s/plaintiff’s rights. Bosch v. Cummings, 520 So.2d 721 (La.1988). Thus, we must determine whether Allstate has any subrogation rights against Peters and State Farm in light of the fact plaintiffs’ claims against them were dismissed with prejudice. Perkins v. Scaffolding Rental and Erection Service Inc., 568 So.2d 549 (La.1990) is dispositive of the issue. In Perkins the plaintiff sustained injuries in a fall from scaffolding at a Conoco refinery. He sued Conoco, Scaffolding Rental and Erection Service and Safway Steel Products.
Conoco filed an exception of no cause of action which the trial court sustained thereby dismissing the plaintiff’s claims against Conoco.
Some two years later, Safway third partied Conoco seeking indemnification and contribution in case it (Safway) was cast in judgment in favor of the plaintiff. Conoco excepted to the incidental demand on the basis of no cause of action since it had already been dismissed from the main demand. The Trial Court denied the exception; the appellate court reversed; the Supreme Court granted writs.
The Supreme Court determined that the sole “source” of Safway’s claim to contribution from Conoco hinged on Safway’s *811 subrogation to plaintiffs’ rights against Co-noco. Then, considering whether plaintiff would be barred under res judicata from asserting claims contained in Safway’s third party petition against Conoco, the Supreme Court concluded that since Safway’s claims against Conoco were based on the same legal obligation (Conoco’s duty as owner to maintain the scaffolding), as the plaintiff’s original petition against Conoco, plaintiff would indeed be barred because the Trial Court had already dismissed plaintiff’s identical claims against Conoco in the main demand. Because Safway’s rights against Conoco are only as great as plaintiff’s rights against Conoco via subrogation, and since plaintiff would be precluded under the doctrine of res judicata from advancing claims contained in Safway’s third party demand against Conoco, Saf-way had no cause of action against Conoco.
In this case a review of the facts and legal obligations in Allstate’s cross-claim against Peters and Allstate mirror those contained in plaintiffs’ petition in the main demand against Peters, D’Angelo and State Farm. If plaintiffs made the same assertions Allstate made in its cross-claim, they would be barred from asserting them under res judicata because they have already asserted identical claims against Peters and State Farm which have been dismissed. Since Allstate’s rights are only as great as plaintiffs’, and plaintiffs’ claims against Peters and State Farm have been dismissed, Allstate has no subrogation rights against them.
The Trial Court erred in denying Peters’ and State Farm’s motion for summary judgment. We, therefore, reverse the ruling of the lower court and grant summary judgment in favor of Peters and State Farm.