599 So.2d 492 (1992)
Douglas D. GREEN, Commissioner of Insurance for the State of Louisiana as Rehabilitator for U.S. Indemnity Assurance Group, Inc., Plaintiff-Appellant,
v.
PESSON PLUMBING & HEATING CO., and Palermo Construction Company, Defendants-Appellees.
No. 90-1396.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
Blondeau & Caire, Philip G. Claire, Baton Rouge, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Christopher M. Trahan, Lake Charles, for defendant-appellee Pesson.
Thomas W. Sanders, Lake Charles, for defendant-appellee Palermo.
Richard Ieyoub, J. Lavonne Martin, Baton Rouge, for State.
Before YELVERTON and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
YELVERTON, Judge.
Friendly Home Center, Inc. (Friendly) and the political subdivision known as Westlake Recreation Department (Westlake), entered into a contract for Friendly, as general contractor, to build a recreation center for Westlake. Friendly was insured by U.S. Indemnity Assurance Group, Inc.
Pesson Plumbing and Heating Company (Pesson) and Palermo Construction Company (Palermo) were two of Friendly's subcontractors.
During the construction a new floor was damaged by flooding. Westlake called on *493 Friendly to pay for the damage. Friendly's insurer paid the damage and obtained a general release from Westlake. Friendly did not obtain a conventional subrogation from Westlake of its rights against Pesson and Palermo. The release by its terms released not only Friendly and its insurer, but also extended to "all other persons, firms, and corporations."
Friendly's insurer was later placed into rehabilitation. The Louisiana Commissioner of Insurance, as rehabilitator, standing in the shoes of Friendly and its insurer, brought the present action against Pesson and Palermo. The Commissioner alleged that the flood damage was caused by the negligent conduct of Pesson and Palermo, and that he was subrogated by operation of law and entitled to contribution from them.
To this claim both Pesson and Palermo filed exceptions of res judicata and no right of action. These exceptions were maintained by the trial court and the suit was dismissed. The Commissioner appeals.
We agree with the trial judge that the Commissioner is precluded by both exceptions from pursuing the demand for contribution. However, the petition states a cause of action for indemnity, and the plaintiff has a right of action against these defendants for indemnity. Therefore, we reverse the dismissal of the suit, and remand for a trial on the merits of the factual issue of whether the plaintiff is entitled to indemnity.

RES JUDICATA
The source of the right to claim contribution is subrogation. Perkins v. Scaffolding Rental and Erection, 568 So.2d 549 (La.1990). A solidary obligor who has rendered the whole performance, if subrogated to the right of the obligee, may claim from the other obligors the virile portion of each. La.C.C. art. 1804. If the obligation originates in an offense or quasi-offense, what can be claimed is a portion proportional to his fault. See the Comments to Article 1804.
In the present case the obligee was Westlake. Through subrogation the Commissioner can have no greater rights than Westlakeif "Westlake" is barred by res judicata from maintaining the claims against the subcontractors, so is the Commissioner. Perkins, supra.
A transaction, or compromise, has the authority of a thing adjudged. La.C.C. art. 3078 and 3506(31). Westlake released everybody without reservation of any rights against any party. Thus, the Commissioner, like Westlake, is precluded by res judicata from maintaining a cause of action against Pesson and Palermo.

RIGHT OF ACTION
Because the Commissioner is not subrogated legally or conventionally to the rights of Westlake, he has no right of action for contribution. However, as pointed out by Judge Plotkin in Illinois Cent. Gulf R. v. Deaton, Inc., 581 So.2d 714 (La.App. 4th Cir.), writ denied, 588 So.2d 1117 (La.1991), the action for indemnity is not dependent upon subrogation but is based on the concept of unjust enrichment. The Commissioner's petition alleges that the fault that produced the damage was the fault of Pesson and Palermo. Under these allegations, it is possible that Friendly was only technically or constructively at fault, and that the actual fault lay with Pesson and Palermo. This factual finding would support a judgment for indemnity. Illinois Cent. Gulf R., supra. Although the Commissioner pleaded his rights in terms of contribution, the Commissioner can recover under whatever legal theory is appropriate based on the facts pleaded and proved. Perkins, supra. We will remand the case for a trial on the issue of indemnity.
Costs of this appeal will be shared equally by Pesson and Palermo. Trial court costs will await the outcome of the case.
REVERSED AND REMANDED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.