United States Court of Appeals,

Fifth Circuit.

No. 92–3014

Summary Calendar.

Debbie CROSBY, et al., Plaintiffs,

v.

OLD REPUBLIC INSURANCE COMPANY, et al., Defendants–Appellants,

v.

CHICK–FIL–A, INC., Defendant–Appellee.

Nov. 30, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

A suit for personal injuries resulting from a bone in a chicken sandwich spawned the cross claim at issue on this appeal: the defendant restaurant Chick–Fil–A, Inc., claimed indemnity or contribution from its supplier, defendant Pilgrim's Pride Corporation. Upon a jury verdict finding Chick–Fil–A not at fault and Pilgrim's Pride totally at fault, the court entered judgment that Pilgrim's Pride and its insurer, Old Republic Insurance Company, bear all costs and attorneys' fees incurred by Chick–Fil–A.

The sole issue on appeal is whether the court properly awarded Chick–Fil–A attorneys' fees

against Pilgrim's Pride.[1]  The parties disagree about whether the Louisiana Products Liability Act[2] or the Louisiana Civil Code articles on redhibition[3] govern the cross-claim.  Finding that attorneys' fees are not allowed under the Act and that redhibition was neither pleaded nor proven, we hold that the fee award was improper.

*No Fee Under Products Liability Act*

The plaintiffs tried their case on a products liability theory of liability.  According to the jury verdict, both Chick–Fil–A and Pilgrim's Pride are "manufacturers" within the meaning of the Louisiana Products Liability Act, and the sandwich was unreasonably dangerous.  It is undisputed that if Chick–Fil–A's cross-claim was also under the Products Liability Act, Chick–Fil–A cannot recover attorneys' fees.  *See* La.Rev.Stat.Ann. § 9:2800.53(5).

*Redhibition not Pleaded or Proven*

The court allowed a fee award in favor of Chick–Fil–A on the basis of the law of redhibition, a remedy which permits a fee award in certain circumstances.  Redhibition is the right of a buyer to rescind a sale on account of a hidden vice or defect in the thing sold.  *See* La.Civ.Code Ann. arts. 2520–21 (West 1952).  If the seller cannot repair the vice, it must restore the purchase price and pay expenses of the sale and for the preservation of the thing sold.  *Id.* art. 2531 (West Supp.1992).  An award of attorneys' fees is provided in redhibition by the following article:  "The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."  *Id.* art.

---

[1]The parties also brief a procedural issue:  whether Chick–Fil–A's failure to plead attorneys' fees as an item of special damages bars recovery of fees under Rule 9.  We hold that any pleading defect has been cured, because the district court effectively permitted an amendment to the pleading after finding no prejudice to Pilgrim's Pride.  2R. 250–51.  Failure to plead special damages does not bar recovery if the defect can be cured by amendment.  *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1312 (1990).  Because the claim was advanced by Chick–Fil–A during pretrial conferences, the court did not err in considering the merits of the claim as though the pleadings had been amended.  *See Sherman v. Hallbauer,* 455 F.2d 1236, 1242 (5th Cir.1972) (holding that the district court should have construed a summary judgment memorandum containing a revised theory of the case as a motion to amend pleadings under Rule 15).

[2]La.Rev.Stat.Ann. §§ 9:2800.51–2800.59 (West 1991).

[3]La.Civ.Code Ann. arts. 2520–48 (West 1952 and Supp.1992).

2545 (West Supp.1992). Jurisprudence permits this additional recovery of attorneys' fees against manufacturers on the presumption that they "know the vice" and are deemed to be in bad faith in selling a defective product. *E.g., Cox v. Lanier Business Products, Inc.,* 423 So.2d 690, 693–94 (La.Ct.App.1982), *cert. denied,* 429 So.2d 129 (La.1983).

An intermediate seller may recover its attorneys' fees from a manufacturer based on this jurisprudential development of article 2545 and the following code article:

> In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and ... any ... manufacturer-seller contract ... attempting to limit ... such recoupment by the seller shall not be given any force or effect.

La.Civ.Code Ann. art. 2531; *see also Cox,* 423 So.2d at 694.

As evidenced from the qualifying language in article 2531, the seller's rights against the manufacturer are derivative of the plaintiff/buyer's action against the seller. That is, only *if* a seller is liable in redhibition may it "recoup" its liability to a buyer from its manufacturer. *See* La.Civ.Code Ann. art. 2531; *see also Mouillier v. Hallmark Pool Corp.,* 514 So.2d 523 (La.Ct.App.1987) (manufacturer not liable for seller's attorneys' fees if seller is not "liable because of redhibitory defects").

The judge erred in applying these principles to the cross claim against the manufacturer. Chick–Fil–A was not a "seller ... held liable because of redhibitory defect," and so can claim no rights under the foregoing code articles and jurisprudence. Plaintiffs were not seeking to avoid a sale and recover the price of the sandwich. No redhibitory claim was pleaded or proven by the plaintiffs or cross-claimant Chick–Fil–A. Accordingly, Chick–Fil–A had no right of recoupment against Pilgrim's Pride under the redhibition articles and no right to an award of attorneys' fees under article 2545.

Chick–Fil–A has cited no contract or other statute providing for an award of attorneys' fees to the trial court or this Court.

There is no reason for remand. We simply amend the judgment to strike the order that Old Republic Insurance Company and Pilgrim's Pride Corporation pay reasonable attorneys' fees incurred by Chick–Fil–A, Inc. Chick–Fil–A's request for additional attorneys' fees in defense of this appeal is DENIED.

Judgment VACATED in part and RENDERED.