619 So.2d 890 (1993)
Earl Phillip MONK, Plaintiff-Appellee,
v.
SCOTT TRUCK & TRACTOR, et al., Defendants,
Scott Truck & Tractor, Appellant.
No. 92-1065.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*891 George Arthur Flournoy, for Earl P. Monk et ux.
John C. Pickels, Alexandria, for Scott Truck & Tractor Co.
Gregory Scott Erwin, Gwenda Renée Linzay Lamb, Alexandria, for INA.
Raymond L. Brown Jr., Alexandria, for Harnischefeger Corp.
Michael L. Glass, Joseph J. Bailey, Alexandria, for PAT Equipment.
Before DOMENGEAUX, C.J., and YELVERTON and SAUNDERS, JJ.
YELVERTON, Judge.
The sole issue of this appeal is whether third-party plaintiff's petition states a cause or right of action against the third party defendants who, in a previous adjudication, were held to owe no liability to the plaintiff in the main suit. The trial court held for the third party defendants and maintained exceptions of no cause and/or no right of action. We reverse.

FACTS
As the appeal before us concerns the sufficiency of the third-party plaintiff's demand, it is not necessary to give a full recitation of the facts of the main suit. Suffice it to say that this issue stems from an industrial crane accident wherein plaintiff, Earl Monk, suffered severe injury. Monk sued: (1) the owner of the crane, Scott Truck and Tractor Company (Scott); (2) the manufacturers of the crane, Harnischfeger Corporation and Century II, Inc. (jointly referred to as Harnischfeger); and (3) the manufacturer of a safety device that was supposedly designed to prevent the accident from happening, P.A.T. Equipment Corporation, Inc. (PAT).
All three defendants filed motions for summary judgment. The trial court granted the motions of Harnischfeger and PAT (hereafter jointly referred to as "Manufacturers"); however, it denied Scott's motion. In its reasons, the trial court stated that Scott, as owner of the crane, owed Monk a higher standard of care than did Manufacturers. All interested parties allowed the delays for appeal to lapse; thus, the trial court's summary judgments are now final.
Nearly three years after Monk filed his original petition, Scott filed a third-party demand naming Manufacturers as third-party defendants. In its demand, Scott sought indemnity or contribution. PAT, in the form of an answer to Scott's third-party demand, and Harnischfeger, in the form of an exception of no cause or no right of action, denied owing any liability to Scott on account of the trial court's previous adjudications in the main suit. The trial court agreed with Manufacturers and *892 maintained exceptions of no cause or no right of action for both. It is from these rulings that Scott, as third-party plaintiff, appeals.

OPINION
Scott's third-party petition expressly seeks indemnity or contribution.

I. Contribution
The source of the right to claim contribution is subrogation. La.C.C. art. 1804; Perkins v. Scaffolding Rental and Erection, 568 So.2d 549 (La.1990). In the present case, Scott (third-party plaintiff) seeks contribution from Manufacturers (third-party defendants) for any damages that Scott may owe Monk (main suit plaintiff). Since the source of contribution is subrogation, Scott must stand in the shoes of Monk. Through subrogation, Scott can have no greater rights against Manufacturers than does Monk. Green v. Pesson Plumbing & Heating Co., 599 So.2d 492, 493 (La.App. 3rd Cir.1992).
Therefore, in order to determine if Scott's third-party demand states a cause or right of action for contribution against Manufacturers, we need only ask whether Monk could assert those same demands, that appear in Scott's third-party petition, in a petition of his own against the same defendants. Perkins, supra. Scott's third-party demand alleges that Manufacturers were at least partially responsible for Monk's damages. If Monk tried to file a similar petition against Manufacturers, he would lose on the ground of res judicata. Since Scott can have no greater rights than Monk, its claim for contribution against Manufacturers is likewise barred by res judicata. Green, supra.
In its brief, Scott complains that Manufacturers never filed an exception of res judicata; therefore, Scott argues that Manufacturers are not entitled to urge res judicata as a defense. La.C.C.P. art. 927 states that a court cannot supply the objections of prescription and res judicata which must be specially pleaded.
However, in Perkins the third-party defendant filed an exception of no cause of action "on the ground that previously it had been dismissed with prejudice from the suit." Perkins, at 550. While the third-party defendant's exception in Perkins did not expressly state the words "res judicata," the Louisiana Supreme Court upheld the exception on that very basis. Id. at 553.
In the case before us, Harnischfeger's exception of no cause or right of action and PAT's answer to Scott's third-party demand, both deny liability on the basis of a previous adjudication. Based upon the holding of Perkins, and in consideration of this state's liberal views regarding pleading, we find that Manufacturers' pleadings adequately raised the defense of res judicata in regard to Scott's claim for contribution.

II. Legal Indemnity
Scott's third-party demand also seeks indemnity for any tort obligation it may owe Monk. Unlike contribution, the action for indemnity is not dependent upon subrogation, but is instead based on the concept of unjust enrichment. Green, supra. Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to one primarily responsible for the act that caused the damage. Casson v. Hartford Fire Ins., 548 So.2d 66, 70 (La.App. 3rd Cir.1989). Indemnity is due when fairness requires that one person bear total responsibility for an injury. The basis for indemnity is restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was the indemnitor's responsibility. Illinois Cent. Gulf R. v. Deaton, Inc., 581 So.2d 714, 717 (La.App. 4 Cir.), writ denied, 588 So.2d 1117 (La. 1991).
In the case before us, Harnischfeger and PAT would be the indemnitors while Scott is the person seeking indemnity. For Scott to be entitled to indemnity, it must have discharged liability that was Harnischfeger's and PAT's responsibility. Since Harnischfeger and PAT were found *893 to owe no liability for Monk's damages, they possess no liability for Scott to unjustly discharge. That is, Scott can not unjustly discharge Manufacturers' liability when Manufacturers owe no liability in the first place. Hence, Scott has no right of action against Manufacturers for indemnity.

REDHIBITION
Finally, Scott argues that even if it fails to state a cause or right of action for indemnity or contribution, it at least has a cause or right of action in redhibition. Specifically, Scott argues that Manufacturers sold a defective crane the use of which was so inconvenient and imperfect that Scott would not have purchased it had it known of the defects. Besides restitution of the purchase price, Scott claims that Manufacturers are liable for all damages resulting from the defects plus attorney's fees pursuant to La.C.C. art. 2545.
Manufacturers meet this contention first by arguing that Scott's third-party petition prays only for contribution or indemnification and says nothing of redhibition. This contention has no merit. The insufficiency of the pleadings can easily be remedied by amendment. La.C.C.P. art. 934. The trial court gave no opportunity to Scott to amend its third-party demand to remove the grounds for the objection of no cause or right of action. This can be done on remand.
Manufacturers next contends that the Louisiana Products Liability Act (LPLA) provides the exclusive means of recovery against them, and that La.R.S. 9:2800.52 establishes the "exclusive" theories of liability for manufacturers for damages caused by their products. The third-party defendants argue that the Act's use of the word "exclusive" prohibits Scott from recovering damages from them on any theory outside the Act. Redhibition remedies are found in Civil Code Articles 2520-2548.
The LPLA was never intended to eliminate redhibition as a means of recovery against a manufacturer. We hold that the Act is exclusive only for the recovery against the manufacturer for "damage" as defined by La.R.S. 9:2800.53(5). This definition is:
(5) `Damage' means all damage caused by a product, including survival and wrongful death damages, for which Civil Code Articles 2315, 2315.1 and 2315.2 allow recovery. `Damage' includes damage to the product itself and economic loss arising from a deficiency in or loss of use of the product only to the extent that Section 3 of Chapter 6 of Title VII of Book III of the Civil Code, entitled `Of the Vices of the Thing Sold,' does not allow recovery for such damage or economic loss. Attorneys' fees are not recoverable under this Chapter. (footnote designation omitted)
The thinking of scholars who have written on this subject is that "redhibition survives only for economic loss. To the extent that the damage is compensable in redhibition, it is not damage under the Act. Hence, the Act's exclusivity provision does not prevent recovery for economic loss in redhibition." Galligan, The Louisiana Products Liability Act: Making Sense of it All, 49 La. L.Rev. 629, 645 (1989). The right to sue in redhibition for economic loss still exists. Kennedy, A Primer on the Louisiana Products Liability Act, 49 La.L.Rev. 565, 580-81 (1989). This court agrees with these observations.
Accordingly, we reverse the trial court's judgment. We find that Scott can invoke the redhibition laws in this third-party action.
The judgment of the trial court, maintaining Harnischfeger's and PAT's exceptions of no cause or right of action, is reversed. The case is remanded for further proceedings. The trial court is instructed to allow a reasonable time for Scott to amend his third-party petition.
Harnischfeger and PAT answered the appeal asking for damages for a frivolous appeal. Since we find the appeal of Scott has merit, we reject the demand for damages.
Costs of this appeal are assessed against appellees equally. Assessment of other *894 costs will await final action in the court below.
REVERSED AND REMANDED.
DOMENGEAUX, C.J., concurs.