652 So.2d 675 (1995)
Stacey DRATEN, Wife of/and Troy Draten, Individually and on Behalf of Their Minor Children, Brittany Draten, Jerric Draten and Troy Draten, Jr.
v.
WINN DIXIE OF LOUISIANA, INC. and Edisto Manufacturing.
No. 94 CA 0767.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
Lester J. Waldmann and Michael S. Zerlin, Gretna, for plaintiffs-appellees Stacey Draten, Troy Draten, Brittany Draten, Jerric Draten and Troy Draten, Jr.
Carlos E. Lazarus, Jr., Houma, for defendant-appellant Winn Dixie of Louisiana, Inc.
*676 William Bradley, Jr. and Kelly A. Robichaux, New Orleans, for defendant-appellee Edisto Mfg. Co. and Cox Wood Preserving Co.
Before WATKINS and FOGG, JJ., and TANNER[1], J. Pro Tem.
FOGG, Judge.
This appeal concerns the dismissal of a cross-claim by which the seller of a bench, Winn-Dixie Louisiana, Inc. (Winn Dixie), sought to recover damages and attorney's fees under LSA-C.C. art. 2545 from the manufacturer of the bench, Cox Wood Preserving Company (Cox). We reverse.
This action arises out of an accident which occurred on February 23, 1991 at a Winn Dixie store. Stacey Draten was injured when she sat on a picnic bench which was for sale and it broke, causing her to fall. Mrs. Draten, her husband, Troy, and their children, Brittany, Jerric and Troy, Jr. (collectively referred to as "the plaintiffs"), filed a tort suit against Winn-Dixie and Cox.[2] The plaintiffs amended their petition to assert a claim against Cox under the Louisiana Products Liability Act (LPLA), LSA-R.S. 9:2800.51 et seq.
Winn Dixie filed a third party demand against Cox, seeking contribution and/or indemnification on the basis that Cox's fault was the sole cause of the accident. Winn Dixie amended its third party demand, alleging that Cox as the manufacturer from which Winn Dixie purchased the bench was liable to Winn Dixie in redhibition for attorney's fees and damages under LSA-C.C. art. 2545. More particularly, Winn Dixie alleged that Cox manufactured a defective bench; that knowledge of the defect was imputed to Cox as the manufacturer; and that Cox failed to inform Winn Dixie of the defect. Cox responded with an exception of no cause of action, contending that Winn Dixie's exclusive remedy was under the LPLA. The trial court denied the exception.
The plaintiffs settled their cause of action against Cox and dismissed it from the principal demand; they reserved their rights against Winn Dixie. Cox then filed a motion for summary judgment, seeking dismissal from Winn Dixie's third party demand. The basis of Cox's motion was that the plaintiffs' release negated any claim for contribution or indemnification Winn Dixie may have had; in support of the motion, Cox filed the release agreement into the record. The trial court granted Cox's motion for summary judgment, and dismissed Cox as a third party defendant. After the trial on the plaintiffs' claims against Winn Dixie, the trial court rendered judgment dismissing the plaintiffs' claims.
Winn Dixie appeals from the judgment dismissing Cox as a third party defendant. Initially, we note that Winn Dixie's claim against Cox for damages and attorney's fees under LSA-C.C. art. 2545 is actually a cross-claim rather than a third party demand.[3] However, the improper label given to Winn Dixie's claim is of no import because a pleading is construed for what it really is, not for what it is erroneously called. Blakely v. Powers, 590 So.2d 1286 (La.App. 1st Cir. 1991).
Because Winn Dixie was not held liable to the plaintiffs when the case went to trial, Winn Dixie in its appeal focuses only on its right to recover damages and attorney's fees from Cox on its cross-claim in redhibition. The plaintiffs' release agreement *677 would not entitle Cox to a summary judgment on this redhibition claim; while the agreement entitles Cox to indemnity from the plaintiffs, an indemnitor cannot be called upon to indemnify an indemnitee unless the indemnitee's liability has been established. Hampton v. Rubicon Chemicals, Inc., 436 So.2d 1254 (La.App. 1st Cir.1983), reversed on other grounds, 458 So.2d 1260 (La.1984).
Winn Dixie contends that as a manufacturer, Cox is presumed to know of the defect, and, that as the seller of a defective bench to Winn Dixie, Cox is liable under LSA-C.C. art. 2545 for expenses, including attorney's fees and damages. LSA-C.C. art. 2545 states, in pertinent part,
A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees....
A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.
In support of its right to recovery, Winn Dixie also relies on Monk v. Scott Truck & Tractor, 619 So.2d 890 (La.App. 3d Cir.1993), and Daigle v. Volkswagen of America, Inc., 580 So.2d 722 (La.App. 3d Cir.1991). In Monk, the owner of a crane filed a third party demand against the manufacturers of the crane and a safety device seeking indemnification or contribution for damages the owner owed to a worker injured in an industrial crane accident. The Third Circuit upheld the trial court's finding that the owner had no cause or right of action for contribution or indemnification, but it found that the owner did have a cause of action for redhibition against the manufacturers under LSA-C.C. art. 2545, and could amend his third party demand to seek such recovery. Monk, 619 So.2d at 893. The court further determined that the LPLA would not preclude recovery in redhibition for the owner's economic loss. Monk, 619 So.2d at 893. Daigle involved a purchaser's redhibition suit against the seller and manufacturer where the seller was not held liable to the purchaser because it was in good faith. Regarding the seller's third party demand against the manufacturer, the court found that the seller was entitled to an award of attorney's fees under LSA-C.C. art. 2545, which included those fees for the seller's defense on the main demand by the buyer, those for the seller's third party demand against the manufacturer, and those incurred on the appeal by the manufacturer. Daigle, 580 So.2d at 724-725.
We find the case of Crosby v. Old Republic Insurance Co., 978 F.2d 210 (5th Cir.1992), on which the trial court relied, to be distinguishable from the present case. In Crosby, a customer injured by chicken bones brought an action against the fast-food restaurant and the chicken supplier; the restaurant filed a third party demand seeking contribution or indemnification from the supplier. The Fifth Circuit found that the restaurant was not entitled to reimbursement of the attorney's fees incurred in defending the customer's tort action under redhibition. The court examined the restaurant's right to recover attorney's fees under LSA-C.C. art. 2531, which states that a "seller who is held liable for a redhibitory defect has an action against the manufacturer of the defective thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibition." The court then reasoned that the restaurant was not a seller held liable for a redhibitory defect because the customer did not assert a claim in redhibition. Crosby, 978 F.2d at 212. However, in the case at bar, while the plaintiffs had no redhibitory claim because they never purchased the defective bench, Winn Dixie did possess a claim in redhibition against Cox, which it asserted in its cross-claim. LSA-C.C. art. 2531 would not apply to this case because Winn Dixie was not an intermediate seller as was the restaurant in Crosby.
We find that Winn Dixie does have a right to pursue its claim against Cox under LSA-C.C. art. 2545 "for the return of the price with interest from the time it was paid, for *678 the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing and also for damages and reasonable attorney fees."[4] We agree with Monk in its recognition of the owner's right to recover attorneys' fees and damages under LSA-C.C. art. 2545 in a redhibitory action on a third party demand against the manufacturer.
The LPLA does not preclude recovery from a manufacturer for damages for economic loss due in a redhibition claim; the Act is the exclusive form of recovery against a manufacturer only for damages as defined by the Act. Kennedy, A Primer on the Louisiana Products Liability Act, 49 La.L.R. 565, 581 (1989); Galligan, The Louisiana Products Liability Act: Making Sense of it All, 49 La.L.R. 629, 645-646 (1989). See also Monk, 619 So.2d at 893. The LPLA defines "damage" as follows:
`Damage' means all damage caused by a product, including survival and wrongful death damages, for which Civil Code Articles 2315, 2315.1 and 2315.2 allow recovery. `Damage' includes damage to the product itself and economic loss arising from a deficiency in or loss of use of the product only to the extent that Section 3 of Chapter 6 of Title VII of Book III of the Civil Code, entitled `Of the Vices of the Thing Sold,' [LSA-C.C. art. 2520 et seq.] does not allow recovery for such damage or economic loss. Attorneys' fees are not recoverable under this Chapter.
LSA-R.S. 9:2800.53(5) (footnote omitted).
"Ultimately the Act gives a manufacturer the right to recover attorneys fees from another manufacturer when it suffers economic loss; but, it insulates that same manufacturer from liability for attorneys fees when a plaintiff sues it for personal injuries that the manufacturer caused." Galligan, 49 La.L.R. at 647 (footnote omitted).
We note that on appeal, the plaintiffs[5] argue that Winn Dixie was at fault independently of Cox because Winn Dixie put the bench together, and that this fact distinguishes this case from Monk. However, the plaintiffs are attempting to interject a new issue which is not properly raised on this appeal. None of the pleadings in the record nor the exhibit filed in support of the motion for summary judgment allege that Winn Dixie was at fault for putting the bench together. The plaintiffs alleged only that Winn Dixie was negligent due to its failure to properly inspect the bench. The plaintiffs' contention has no merit.
In conclusion, the trial court improperly granted Cox's motion for summary judgment. Based on the pleadings before the trial court, there are still genuine issues of material fact regarding Winn Dixie's redhibition claim on its cross-claim against Cox. Should Winn Dixie prove its redhibition claim against Cox, Winn Dixie would be entitled to those attorney's fees relating to the redhibition claim under LSA-C.C. art. 2545.
For these reasons, the judgment of the trial court granting Cox's motion for summary judgment and dismissing Winn Dixie's cross-claim against Cox is reversed, and the case is remanded for proceedings consistent with the reasoning expressed in this opinion. Costs of this appeal are to be paid by Cox.
REVERSED AND REMANDED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The plaintiffs improperly named the manufacturer as Edisto Manufacturing in their original petition. They later filed an amending petition to correct the misnomer.
[3] A third party demand can be asserted against a codefendant who is or may be liable to the third party plaintiff for all or part of the principal demand. LSA-C.C.P. art. 1111. A cross-claim is a demand against a co-party arising out of the occurrence that is the subject matter of the original action; it may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the original action. LSA-C.C.P. art. 1071. In this case, the plaintiffs had no redhibition claims against Winn Dixie, and, thus, any liability Cox would have to Winn Dixie for damages and attorney's fees under LSA-C.C. art. 2545 would not be part of the liability on the principal demand.
[4] Winn Dixie stated in its cross-claim that it "specifically pleads the provisions of Article 2145 [sic] of the Louisiana Civil Code" and prayed for damages pursuant to LSA-C.C. art. 2545. Winn Dixie's failure to specifically pray for rescission of the sale of the bench does not preclude its recovery for attorney's fees under LSA-C.C. art. 2545. As long as the facts constituting a claim are alleged, a party may be granted any relief to which he is entitled under the pleadings and evidence. First South Production Credit Association v. Georgia-Pacific, 585 So.2d 545 (La.1991).
[5] The plaintiffs filed a brief on appeal, apparently due to their obligations under the release agreement. The release agreement states, in pertinent part, "[T]hey [the plaintiffs] agree to indemnify and defend the released parties [Cox and its insurer] from any claim ... which may have already been brought against the released parties... by any other party ... such defense and indemnification agreement extending to any claims of contribution, indemnification, costs and attorney's fees."