806 So.2d 906 (2002)
FRANKLIN MERCANTILE, III, INC., et al.
v.
Charles G. GLASER, M.D.
No. 2001-C-2101.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 2002.
*907 Christian B. Bogart, Kathleen C. Marksbury, Duplass, Zwain, Bourgeois & Morton, Metairie, LA, Counsel for Relators.
C. William Bradley, Jr., J. Don Kelly, Jr., Michael S. Sepcich, Lemle & Kelleher, L.L.P., New Orleans, LA, Counsel for Respondent.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER and Judge DENNIS R. BAGNERIS, SR.
MIRIAM G. WALTZER, Judge.

STATEMENT OF THE CASE
Relators and defendants in cross-claim, William A. Slatten and Slatten Brothers Marine Center, Inc., d/b/a Slatten Brothers Realty, Inc. (Slatten), seek supervisory review of the trial court's judgment denying their motion for summary judgment dismissing the cross claim of Dr. Charles Glaser.

STATEMENT OF FACTS
Franklin Mercantile, III, Inc. and Philip H. Bell (Franklin/Bell), sublessees from Dr. Glaser of property owned by Slatten and leased by Slatten to Dr. Glaser, sued Dr. Glaser for damages allegedly caused by leakage from the roof of the leased premises. Slatten leased property located at 630 Carrollton Avenue in New Orleans to Dr. Glaser pursuant to a commercial lease agreement effective from 1 April 1985 through 31 March 2000. The lease between Slatten and Dr. Glaser does not include an indemnity provision.
Dr. Glaser subleased the property to Franklin/Bell on 19 February 1993 for a term of just over one year, expiring on 1 March 1994. The sublease gave Franklin/Bell the option, upon certain conditions, to extend the sublease for an additional two terms, of three years and through 31 March 2000, respectively.
On 18 August 1999, Franklin/Bell sued Dr. Glaser and Slatten for damages allegedly sustained in 1995 as a result of roof leakage in the leased premises. The trial court granted Slatten's exception of no cause or right of action on the contract claim since there was no privity of contract between Slatten and Franklin/Bell. *908 Franklin/Bell's tort claim against Slatten had prescribed three years earlier.
On 1 December 1999, Dr. Glaser filed an answer to Franklin/Bell's petition, and a cross claim against Slatten seeking contribution and contractual indemnity. On 18 September 2001, Dr. Glaser amended his cross-claim alleging Slatten either negligently or intentionally failed to repair the roof of the leased premises.
In both his original and amended cross-claims, Dr. Glaser seeks ONLY those damages "suffered by original plaintiffs", that is, Franklin/Bell. Dr. Glaser made no claim for his own damages under tort or contract theory.
Slatten moved for summary judgment dismissing Dr. Glaser's cross-claim, which was based on subrogation. Since Dr. Glaser asserted and indeed had no greater rights than Franklin/Bell, who, the trial court determined, had no rights against Slatten, Dr. Glaser's claim must also fail, absent a specific indemnity clause in the original lease agreement.
The trial court correctly found that there was no contractual indemnity between Slatten and Dr. Glaser, but found that Dr. Glaser had an independent claim for contribution.
We grant Slatten's application for supervisory review to consider the merits of his motion for summary judgment.

ANALYSIS
This case is controlled by the Supreme Court's interpretation of the civil code contribution articles, La.C.C. art. 1804 and 1805, in Perkins v. Scaffolding Rental & Erection Service, Inc., 568 So.2d 549 (La.1990). The court held that the substantive basis for seeking contribution set forth in La.C.C. art. 1804 is subrogation to the rights of the plaintiff. In Perkins, plaintiff claimed damages sustained when he fell from scaffolding, and sued the supplier of the scaffolding and owner of the premises where the injury occurred. Plaintiffs were barred by res judicata from asserting rights against the owner, and the scaffolding supplier sued the owner claiming contribution. The Supreme Court held that the supplier stood in the shoes of the plaintiff, and thus had no claim for contribution or subrogation against the owner. The supplier relied on La.C.C. 1805 to support its claim of an independent right of contribution that did not stem from the right of subrogation. The Supreme Court rejected that argument, holding:
The predecessor to article 1805, article 2103 of the Civil Code of 1870, was amended in 1960 to overrule legislatively Kahn v. Urania Lumber Co., 103 So.2d 476, 478 (La.App. 2d Cir.1958), which stood for the proposition that "there is no right of contribution between joint tort-feasors unless and until they have been condemned in a judgment in solido, and then only in favor of the joint tortfeasor who has paid the damages awarded." [Citations omitted] The article thus changed the time when a demand for contribution could be asserted and allowed a defendant to seek contribution against a co-obligor who had not already been cast in judgment. It did not affect the substantive basis for seeking contribution set forth in article 1804, which is subrogation to the rights of the plaintiff.
In the instant case, the trial court held that Franklin/Bell had no rights against Slatten. Their tort claim, if any, was long prescribed, and they had no privity of contract on which to base a contractual claim. Significantly, Dr. Glaser makes no independent claim for tort or contract damages HE sustained. The totality of what he seeks is reimbursement for plaintiff's loss, for which there can be no recovery against *909 Slatten absent a contractual indemnity clause.
While Perkins' claim against the owner was barred by res judicata, rather than prescription as in the instant case, the principle enunciated by the Supreme Court is applicable in the context of a prescribed claim. See, Hendrick v. Stone, Pigman, Walther, Wittmann & Hutchinson, 95-1577 (La.App. 1 Cir. 6/28/96), 677 So.2d 716.
Dr. Glaser having failed to assert any claim independent of the claim of his sublessee, we find no basis for his cross-claim for contribution.

CONCLUSION AND DECREE
For the foregoing reasons, we grant Slatten's application for supervisory writ and reverse the judgment of the trial court. Slatten's motion for summary judgment dismissing Dr. Glaser's cross-claim is granted and the cross claim is dismissed.
WRIT GRANTED. SUMMARY JUDGMENT GRANTED. CROSS CLAIM OF DR. CHARLES GLASER DISMISSED.